UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COUNTRY BANK, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH E. HOFFMAN, JR., <br><br> Defendant. | Case No. 4:13-cv-04075-SLD-JAG |

ORDER

Plaintiff FDIC-Receiver alleges that Defendant Kenneth Hoffman, Jr. defaulted on a loan and breached the terms of a promissory note by failing to timely pay the principal and interest due under the note. FDIC-Receiver seeks to foreclose on financing bonds that secured the loan and promissory note, or a judgment against Hoffman in the amount of $1,500,000. FDIC-Receiver, however, has failed to establish this Court's subject-matter jurisdiction over its claims. Accordingly, the Court orders FDIC-Receiver to file a supplemental jurisdictional statement, in accordance with Federal Rule of Civil Procedure 8(a)(1), with factual allegations, assuming they exist, that establishes subject-matter jurisdiction.

A plaintiff's complaint must include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction is satisfied through either federal-question jurisdiction or diversity-of-citizenship jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Under 28 U.S.C. § 1331, the statute conferring federal-question jurisdiction to the district courts, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

1

United States." Under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). A district court has an obligation to review its own jurisdiction *sua sponte*. *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989).

FDIC-Receiver's complaint contains no statement of the grounds for the Court's jurisdiction. Absent subject-matter jurisdiction, this case cannot move forward. Therefore, the Court orders FDIC-Receiver to file a supplemental jurisdictional statement that includes factual allegations, assuming they exist, that establishes subject-matter jurisdiction. FDIC-Receiver has 14 days to comply with this order.

Entered this 8th day of October, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
