UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COUNTRY BANK, <br><br>　　　　Plaintiff, <br><br> v. <br><br> KENNETH E. HOFFMAN, JR., <br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:13-cv-04075-SLD-JAG |

ORDER

Plaintiff Federal Deposit Insurance Company, as receiver for Country Bank, ("FDIC-Receiver") alleges that Defendant Kenneth Hoffman, Jr. defaulted on a loan and breached the terms of a promissory note by failing to timely pay the principal and interest due under the note. Hoffman moved to dismiss the complaint on the basis that FDIC-Receiver failed to state a claim. FDIC-Receiver filed a response to Hoffman's motion, and now the motion is fully briefed. But when the motion was still pending, FDIC-Receiver filed an amended complaint, ECF No. 7. Aside from added allegations regarding subject-matter jurisdiction and venue, the amended complaint is identical to the original complaint.

The Court may rule on Hoffman's motion to dismiss even though it does not target the amended complaint. A defendant is not required to refile its motion merely because the plaintiff filed an amended complaint while the motion was still pending. *See, e.g., Walker v. Monsanto Co. Pension Plan*, Nos. 04-cv-436-DRH, 06-cv-139-DRH, 06-cv-003-DRH, 05-cv-736-DRH, 2006 WL 2802051, at *1 (S.D. Ill. Sept. 27, 2006) (quoting 6 Charles Alan Wright, Arthur R.

1

Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 1998 & Supp. 2006)). "'If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'" *Id.*. Because FDIC-Receiver only added allegations regarding jurisdiction and venue, its amended complaint still contains the purported defect (failure to state a claim) that Hoffman raised in his motion to dismiss. Accordingly, the Court considers Hoffman's motion as addressing the amended complaint. For the reasons set forth below, Defendant Hoffman's Motion to Dismiss, ECF No. 2, is DENIED.

## BACKGROUND

At the motion to dismiss stage, well-pleaded facts alleged in the complaint are taken as true. Accordingly, for the purpose of this Motion, the Court rests its decision on the following factual allegations: Country Bank was an Illinois state-chartered nonmember bank until October 2011 when the Illinois Department of Financial and Professional Regulation's Division of Banking closed Country Bank. After Country Bank closed, the Federal Deposit Insurance Company was appointed as receiver for Country Bank. FDIC-Receiver has succeeded to all rights, titles, powers, and privileges of Country Bank, including the power to foreclose on properties that secure loans made by Country Bank.

Country Bank loaned $1,500,000 to Hoffman on June 22, 2009, and a promissory note from the same date memorializes the loan. Both the loan and the promissory note are secured by Hoffman's pledge of financing bonds issued by the Village of Sherrard, Illinois.

On approximately December 5, 2011, after the FDIC became receiver for Country Bank, FDIC-Receiver notified Hoffman that a default had occurred under the terms of the promissory note. FDIC-Receiver demanded in writing that Hoffman immediately pay the unpaid principal

and interest due under the promissory note. Hoffman has not paid FDIC-Receiver the unpaid principal and interest.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a particular claim. Instead, it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "'fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). In sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In doing so, the facts set forth in the complaint are viewed "in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *N. Ind. Gun & Outdoor Shows v. City of South Bend*,

163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (citing *Twombly*, 550 U.S. at 554–55) (conclusory allegations are "not entitled to be assumed true").

While a district court will dismiss a complaint that fails to state a claim, a court will not dismiss a complaint because of an affirmative defense raised by the defendant in its motion to dismiss. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Such a dismissal under Rule 12(b)(6) would be inappropriate because "[c]omplaints need not contain any information about defenses and may not be dismissed for that omission." *Id.* "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* Under Rule 12(d), a court has discretion to consider materials outside the pleadings and convert a motion to dismiss into a motion for summary judgment after giving all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (noting that a district court has discretion to convert a motion to dismiss into a motion for summary judgment). The Court declines to convert this motion to dismiss into a motion for summary judgment. Accordingly, when ruling on this motion to dismiss, the Court will not consider the exhibit that FDIC-Receiver attached to its response.

Hoffman makes no effort in his Motion to Dismiss, ECF No. 2, or supporting memorandum, ECF No. 3, to explain why FDIC-Receiver's complaint fails to state a claim. Instead of arguing that the complaint lacks adequate allegations to support a claim for relief, Hoffman merely asserts a defense. Hoffman claims that a prior settlement agreement that he had with Country Bank fully and completely releases him from the current dispute. But resolving

whether or not this alleged settlement agreement releases Hoffman from liability under the promissory note would be inappropriate at this time.  It would be inappropriate because a plaintiff is not required to anticipate defenses in the complaint, and Hoffman has not alleged that the complaint itself establishes his defense.  In other words, the defense that Hoffman raises does not challenge the sufficiency of FDIC-Receiver's allegations against him, and this is not a case where the plaintiff has pleaded itself out of court.  The Court's task at this stage is to test the sufficiency of FDIC-Receiver's allegations against Hoffman.  FDIC-Receiver's allegations sufficiently state a claim that Hoffman failed to pay the principal and interest due under the terms of the promissory note.  Thus, FDIC-Receiver has plausibly stated claims for foreclosure and breach of contract against Hoffman.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Hoffman's Motion to Dismiss, ECF No. 2.

Entered this 25th day of October, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE