IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COUNTRY BANK, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:13-cv-04075-SLD-JEH |
| v. | ) ) | |
| KENNETH E. HOFFMAN, JR., | ) ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Federal Deposit Insurance Company, as receiver for Country Bank, ("the FDIC") alleges that Defendant Kenneth Hoffman, Jr. ("Hoffman") defaulted on a loan and breached the terms of a promissory note by failing to timely pay the principal and interest due under the note. Defendant moves for summary judgment on the ground that he negotiated a settlement agreement with the FDIC-Receiver on October 15, 2012 that released him from all liabilities to the FDIC-receiver, including the loan default at issue here. For the following reasons, Defendant Hoffman's Motion for Summary Judgment, ECF No. 15, is DENIED.

## BACKGROUND

On June 22, 2009, Country Bank loaned Hoffman $1,500,000. Def.'s Statement of Undisputed Facts 1, ECF No. 14. The loan was secured by tax increment financing bonds issued by the Village of Sherrard, Illinois. *Id*. On April 25, 2011, Country Bank separately loaned Hoffman and his wife $157,300. Def.'s Mot. Summ. J., Ex. A at 1, ECF No. 15-1. The note for this loan was secured by three pieces of real estate in Milan, Illinois. *Id*. at 1–2. The FDIC-Receiver later sought to foreclose the mortgages on these properties. *Id*. at 2. On October 15,

1

2012, Hoffman and his wife contracted with the FDIC-Receiver to tender the deeds for these three properties in lieu of foreclosure on them. *Id*. at 1, 2. This contract ("the Release") explained that this arrangement came "after extensive negotiations between FDIC-Receiver and [the Hoffmans] and their respective attorneys, and the exchange of information, and in the interests of avoiding litigation and its attendant costs." *Id*. at 2. In a paragraph entitled "Tender of Deeds in Lieu of Foreclosure," the parties agreed:

> In consideration for the FDIC-Receiver releasing all actual and potential claims [it] has against the Released Parties, the Released Parties agree to tender to FDIC-Receiver the aforementioned Deeds In Lieu of Foreclosure, pursuant to 735 ILCS 5/15-1401 . . . which shall terminate the Released Parties' interests in the properties and relieve the Released Parties, and each of them, from any further liability whatsoever arising out of or otherwise related to the Loan Documents or the Properties.

*Id*. at 3. The next paragraph, entitled "Release of Released Parties," reads in relevant part:

> For itself . . . FDIC-RECEIVER hereby releases and discharges [the Hoffmans] . . . from any and all liabilities, obligations, claims, actions, causes of action, liens, fees and demands of whatsoever kind or nature, whether known or unknown, that FDIC-RECEIVER had, now has, or may have against such Released Parties, including, but not limited to, those arising out of, based on, or in any way connected with the Loan Documents, or any portion thereof, or the Properties or relating to claims raised against the released parties.

*Id*. The Release goes on to stipulate that it shall be construed under the laws of Illinois. *Id*. at 4. The Release makes no mention of the 2009 loan.

On October 18, 2012, Plaintiff, as the receiver for Country Bank, filed the instant suit to foreclose its liens on the bonds. Pl.'s Resp. to Mot. Summ. J. 2, ECF No. 18.

## DISCUSSION

### I. Standard on Summary Judgment

Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."

*Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation marks omitted). A court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). There can be no genuine issue as to any material fact, however, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Additionally, when there is no material factual dispute, contract interpretation is a question of law that the court may decide on summary judgment. *Citadel Group Ltd. v. Wash. Reg'l Med. Cntr.*, 692 F.3d 580, 587 (7th Cir. 2012).

## II.     Illinois Contract Law

Based on the parties' undisputed agreement as to choice of law, Def.'s Mot. Summ. J., Ex. A at 4, the Court applies Illinois law. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 243 n.8 (1981) (stating that "a [federal] court ordinarily must apply the choice-of-law rules of the state in which it sits" (citing *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)); *In re Marriage*

*of Adams*, 551 N.E.2d 635, 638 (1990) (recognizing the applicability of choice of law clauses in contracts) (citing *Reighley v. Cont'l Ill. Nat'l Bank & Trust Co.*, 61 N.E.2d 29, 33 (Ill. 1945)). Federal courts' "role in interpreting a question of state law is to predict how the highest court of the state would answer the question." *Cannon v. Burge*, 752 F.3d 1079, 1091 (7th Cir. 2014) (citations omitted).

A release is a type of contract in which "a party abandons a claim to a person against whom that claim exists." *Whitehead v. Fleet Towing Co.*, 442 N.E.2d 1362, 1364 (Ill. App. Ct. 1982) (citing *Murphy v. S-M Delaware, Inc.*, 420 N.E.2d 456, 459 (Ill. App. Ct. 1981)). A court's main objective in interpreting a contract is to give effect to the intent of the parties. *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007). In doing so, a court must look at the whole contract, rather than particular portions in isolation:

> A court must initially look to the language of a contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent . . . . Moreover, because words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others . . . . The intent of the parties is not to be gathered from detached portions of a contract or from any clause or provision standing by itself.

*Id.* at 233 (citations omitted). The parties' intention must be determined from the contract itself, where no ambiguity exists. *Farm Credit Bank of St. Louis v. Whitlock*, 581 N.E.2d 664, 667 (Ill. 1991). A contract is ambiguous when it is "susceptible to more than one reasonable meaning or obscure in meaning through indefiniteness of expression." *Countryman v. Indus. Comm'n*, 686 N.E.2d 61, 64 (Ill. App. Ct. 1997). A release is thus ambiguous when it "contains conflicting release provisions that express different intentions." *Countryman*, 686 N.E.2d at 64.

In a release in Illinois, "[g]eneral words of release are restrained in effect by the specific recitals contained in the instrument . . . . Illinois courts restrict the language of a general release to the things or persons intended to be released and refuse to interpret generalities to defeat a

4

valid claim not then in the minds of the parties." *Farmers Auto. Ins. Ass'n v. Kraemer*, 857 N.E.2d 691, 694 (Ill. App. Ct. 2006). Where a contract is "susceptible to one of two constructions," one of which is "fair, customary, and such as prudent men would naturally execute," and the other of which is "inequitable, unusual, or such as reasonable men would not be likely to enter into," courts must prefer "interpretation which makes rational and probable agreement." *Chicago Title & Trust Co. v. Telco Capital Corp.*, 685 N.E.2d 952, 955–56 (Ill. App. Ct. 1997) (citation omitted).

### III. Defendant Hoffman's Motion for Summary Judgment

Hoffman's claim, in its essence, is that when the FDIC released him from his joint debt with his wife in the amount of $157,300, in exchange for forfeiting that loan's collateral, the FDIC also, by the same Release, discharged Hoffman from any obligation to repay what remained of the $1,500,000 he had borrowed separately and individually from the FDIC. In support of this argument, Defendant points only to the paragraph of general language in the Release entitled "Release of Released Parties" releasing him from "all liabilities . . . of whatsoever kind or nature, whether known or unknown." Def.'s Mot. Summ. J., Ex. A at 3, ECF No. 15-1. He argues that the plain meaning of that paragraph's many recitations is that Plaintiff then agreed to "release Mr. Hoffman from any and all claims that Plaintiff may have had at the time of entering the Settlement Agreement and Release *or that might occur in the future*." Def.'s Mot. Summ. J. ¶ 7 (emphasis added). Defendant further urges that the language of the contract is unambiguous, and that thus, no genuine issue of fact exists and the Court may rule on his Motion and dismiss the case. *Id*. ¶ 8–10.

The contract, read as a whole, however, is ambiguous because it contains contradictory release provisions. *Countryman*, 686 N.E.2d at 64.

The bulk of the Release seems intended to release the Hoffmans from a *specific* loan debt, in exchange for the collateral the Hoffmans had initially offered to secure the loan. In the paragraph entitled "Tender of Deeds In Lieu of Foreclosure," the parties clearly agreed that, in exchange for the deeds to three properties, the FDIC-Receiver would release the Hoffmans from liability "arising out of, or otherwise related to, the Loan Documents or the Properties." Def.'s Mot. for Summ. J., Ex. A at 3. Earlier language in the contract makes it clear that the exchange of deeds for release from liability was a means for the FDIC-Receiver and the Hoffmans to avoid the expense that would result if the FDIC-Receiver initiated formal foreclosure proceedings. *See id.* at 2. Nowhere in the contract outside of the paragraph labeled "Release of Released Parties" is it suggested that the Release would release the Hoffmans, jointly or individually, from any other liabilities or debt obligations to the FDIC-Receiver.

However, the "Release of Released Parties" paragraph, upon which Hoffman relies, states on the contrary that Hoffman and his wife are together and respectively released from "any and all liabilities, obligations, claims, actions, causes of action, liens, fees, and demands of whatsoever kind or nature, whether known or unknown, that FDIC-RECEIVER had, now has, or may have against [them], including but not limited to" the $157,300 liability from which the rest of the contract releases the Hoffmans. Def.'s Mot. for Summ. J., Ex. A at 3. Plaintiff describes this sweeping release as "standard boilerplate general release language." Pl.'s Resp. at 3. Perhaps it is, but it means what it says. The literal effect of this language is to release Defendants, jointly and individually, from all present and future liabilities to Plaintiff, known or unknown, which would include the $1,500,000 liability whose alleged nonpayment now elicits Plaintiff's lawsuit.

Certain paragraphs of the Release seem clearly designed to release Defendant only from a particular liability, whereas one paragraph appears intended to release him from many other liabilities. Under Illinois law, such clearly conflicting language renders a contract ambiguous. *See Whitlock*, 581 N.E.2d at 667 (finding a release ambiguous where a bank released a debtor with specific release language only as to one loan, but, in another paragraph, used general language that might have been taken to release the debtor from another loan owed to the same bank ); *Countryman*, 686 N.E.2d at 64 (finding ambiguous a release that referred repeatedly to a single incident for most of its length, but also contained "general and sweeping language" that included "any other accident, injury, aggravation, or onset of symptoms" that a party might seek to sue on). The Release is thus ambiguous as a matter of law. *See Countryman* at 64.

When a contract is ambiguous, "the parties' intent must be determined from an examination of extrinsic evidence by the trier of fact." *Whitlock* at 667. Such determination is "generally a question of fact subject to rules of contract construction and parol evidence." *Coutryman* at 63–64.

At this phase of the proceedings, and with the evidence currently before it, the Court does not have sufficient information before it to determine whether the Release was intended by the parties to release Defendant from the liabilities to Plaintiff upon which Plaintiff now sues. Defendant makes no argument, persuasive or otherwise, why it would be more reasonable to interpret the Release as releasing him from all liabilities whatsoever to Plaintiff, rather than to the specific liability that gave rise to the Release. *See Telco*, 685 N.E.2d at 955. Instead, Defendant supports his Motion for Summary Judgment only with the argument that the portions of the Release that use general language are themselves not ambiguous. This argument fails, as explained above, because the Release as a whole is ambiguous, and thus its interpretation is a

question of fact and construal of the whole contract, and cannot be disposed of by the isolated interpretation of one paragraph. Defendant makes no argument as to why the contract as a whole, as an expression of the intent of the parties, should be construed as releasing Defendant from liability in the instant suit.

Drawing all inferences in favor of the non-moving party, the Plaintiff, as the Court must on a motion for summary judgment, the Court finds that as a matter of law, the contract is ambiguous, and there is insufficient evidence as to the parties' intentions to grant summary judgment. *See Liberty Lobby*, 477 U.S. at 249. Defendant Hoffman is thus denied summary judgment.

## CONCLUSION

Defendant Hoffman's Motion for Summary Judgment, ECF No. 15, is DENIED.

Entered this 24th day of September, 2014.

                                                             s/ Sara Darrow
                                                          SARA DARROW
                                       UNITED STATES DISTRICT JUDGE